T.C. Memo. 1997-209


UNITED STATES TAX COURT


TODD A. CLARK, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 323-96.                    Filed May 5, 1997.


<u>Robert J. Gumser</u>, for petitioner.

<u>Roberta D. Repasy</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


LARO, <u>Judge</u>:  Todd A. Clark petitioned the Court to redetermine respondent's determination with respect to his 1991 and 1993 taxable years.  Respondent determined the following deficiencies in Federal income taxes and additions thereto:

|  | Additions to Tax | |
|  | Sec. | Sec. |

| Year | Deficiency | 6651(a)(1) | 6654 |
|------|-----------|-----------|------|
| 1991 | $11,214 | $2,804 | $645 |
| 1993 | 1,156 | 289 | --- |

We must decide the following issues:

1.  Whether petitioner's 1991 gross income includes the $38,390 amount reported to him on a 1991 Form 1099, Wage and Tax Statement.  We hold it includes only 50 percent of this amount.

2.  Whether petitioner's 1993 gross income includes the $7,365 amount reported to him on a 1993 Form 1099.  We hold it does not.

3.  Whether petitioner is liable for the additions to tax determined by respondent.  We hold he is to the extent described herein.

Section references are to the Internal Revenue Code in effect for the years in issue.  Rule references are to the Tax Court Rules of Practice and Procedure.  Dollar amounts are rounded to the nearest dollar.

### FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulated facts and the exhibits submitted therewith are incorporated herein by this reference.  Petitioner resided in Escondido, California, when he petitioned the Court.

During 1991, petitioner worked as an independent contractor washing the windows of model homes in the vicinity of San Diego, California.  Petitioner received assignments on a monthly basis

from a general contractor, Model Maintenance, Inc. (Company), and the Company paid petitioner for the jobs once a month. Petitioner worked with another individual, Duram McManus, and petitioner paid Mr. McManus 50 percent of the amount shown on each check that he received from the Company for the jobs. During 1991, petitioner received $38,390 from the Company, inclusive of the amount that he paid to Mr. McManus. The Company issued petitioner a 1991 Form 1099 showing this amount.

During 1993, petitioner performed no work for the Company. Mr. McManus performed all of the work, and he received 100 percent of the amounts shown on the checks from the Company for that year. The Company issued checks payable only to petitioner. The checks were endorsed on the back as "Pay to the order of Durham McManus", who ultimately cashed them. During 1993, petitioner received $7,365 from the Company, inclusive of the amount paid to Mr. McManus. The Company issued petitioner a 1993 Form 1099 showing this amount.

Petitioner did not file a 1991 or 1993 Federal income tax return. Petitioner did not make any estimated payments for either year.

OPINION

Petitioner must prove that respondent's determinations set forth in the notice of deficiency are incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Petitioner relies mainly on his testimony to disprove respondent's determinations.

We find his testimony unimpeached and persuasive. Petitioner testified that he received the amount shown on the 1991 Form 1099, but that he paid 50 percent of this amount to Mr. McManus. We believe this testimony. We hold that petitioner's 1991 gross income includes only 50 percent ($19,195) of the amount shown on the 1991 Form 1099.

With respect to 1993, we hold that petitioner's gross income includes none of the amount shown on the 1993 Form 1099. We find that Mr. McManus performed all of the services that generated this income, and that he ultimately received all of the proceeds reflected on the 1993 Form 1099 which was issued to petitioner. Although the checks were payable only to petitioner, the checks were endorsed on the back as "Pay to the order of Durham McManus", who ultimately cashed them. We hold for petitioner with respect to 1993. Our holding on this issue means naturally that petitioner also is not liable for the addition to tax determined by respondent for that year.

Turning to the additions to petitioner's 1991 tax, respondent determined that petitioner failed to file a 1991 tax return, and that he failed to make any estimated payments for that year. Accordingly, respondent determined, petitioner was liable for the related additions to tax. Petitioner contends that he did not file a 1991 return because he did not have the money to pay any tax that would have been due with that return.

Petitioner makes no contention with respect to the addition to tax under section 6654.

We hold for respondent as to both additions.  In order to avoid the addition to tax under section 6651(a)(1), petitioner must prove that his failure to file was:  (1) Due to reasonable cause and (2) not due to willful neglect.  Sec. 6651(a); Rule 142(a); United States v. Boyle, 469 U.S. 241, 245 (1985); see United States v. Nordbrock, 38 F.3d 440 (9th Cir. 1994). Petitioner has failed to prove that his failure to file was due to reasonable cause and not due to willful neglect.

The addition to tax under section 6654 is mandatory unless petitioner proves that he has met one of the exceptions contained in section 6654.  Recklitis v. Commissioner, 91 T.C. 874, 913 (1988).  Petitioner has failed to show that any of the statutory exceptions apply.

To reflect the foregoing and to make certain computational adjustments,

Decision will be entered

under Rule 155.